UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PIERCE GRIGSBY, | ) Case No. EDCV 14-2316 JAK(JC) |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | ) |
| HECTOR D. LUDI, et al., | ) |
| Defendants. | ) |

On November 13, 2014, plaintiff, Anthony Pierce Grigsby ("plaintiff"), who is in custody at the California Rehabilitation Center in Norco, CA and has been granted leave to proceed *in forma pauperis*, filed a *pro se* Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against two Riverside County Regional Medical Center officials, namely (1) Dr. Hector Daniel Ludi, Attending Staff Physician; and (2) Dr. Arnold D. Tabuenca, Medical Director. Plaintiff sues the defendants in their individual and official capacities, and seeks monetary relief.

As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint to determine if the Complaint fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

///

On February 19, 2015, the Magistrate Judge issued an order (the "February Order") advising plaintiff that the Complaint was deficient for reasons described in the February Order and affording plaintiff an opportunity to file a First Amended Complaint by March 5, 2015 if he wished to proceed with this action.[1] The February Order further expressly advised plaintiff that the failure timely to file a First Amended Complaint might result in the dismissal of this action on the grounds set forth in the February Order and/or for failure diligently to prosecute. To date, although the foregoing deadline has expired, plaintiff has failed to file a First Amended Complaint or to seek an extension of time to do so.

In light of the foregoing, on March 20, 2015, the Magistrate Judge issued an Order to Show Cause ("OSC") directing plaintiff, by April 3, 2015, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint identified in the February Order and/or based upon plaintiff's failure to prosecute this action. The OSC expressly cautioned plaintiff that the failure timely to comply with the OSC and/or to show good cause would result in the dismissal of this action based upon the deficiencies identified in the February Order, plaintiff's failure to prosecute this action, and/or plaintiff's failure to comply with the OSC. To date, plaintiff has failed to file a response to the OSC, and the deadline to do so has now expired.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962);p; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915

---

[1]Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint failed to comport with Rules 8 and 10 of the Federal Rules of Civil Procedure, that it failed to state viable federal claims against the defendants, and that absent an independent basis of federal subject matter jurisdiction, the Court did not have supplemental jurisdiction to hear his state-law claims.

2

(1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the OSC, has been afforded the opportunity to do so, and has not responded, dismissal with prejudice is appropriate.

IT IS THEREFORE ORDERED that this action is dismissed with prejudice based upon plaintiff's failure to prosecute and failure to comply with the OSC.

IT IS SO ORDERED.

DATED: April 23, 2015

_____
HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE